FILED

Apr 21 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 20-cv-07126-DMR<br><br>**ORDER GRANTING MOTION TO SEVER**<br><br>Re: Dkt. No. 21 |

Plaintiff American Small Business League ("ASBL") filed this Freedom of Information Act ("FOIA") case against Defendants United States Office of Management and Budget ("OMB") and United States Small Business Administration ("SBA"). Defendants now move to sever ASBL's claims against each of the two agencies, arguing that Defendants are improperly joined pursuant to Federal Rule of Civil Procedure 20(A)(2). This motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Defendants' motion to sever is granted.

**I.     BACKGROUND**

ASBL is an organization whose "core mission is to promote and advocate for the interests of small business concerns through public policy change." Compl. ¶ 8. In particular, ASBL "seeks to focus the public's attention on government programs intended to help small businesses, and on instances in which these programs are failing to help small businesses as intended" by reviewing government policies and procedures and investigating the effectiveness of programs to help small businesses. *Id.* To that end, ASBL regularly makes FOIA requests. *Id.*

ASBL's complaint alleges FOIA violations by each agency. As to OMB, ASBL alleges that it submitted a FOIA request on April 7, 2020 for "[a]ny and all documents indicating or

containing the total federal acquisition budget for FY 2017, FY 2018, and FY 2019." *Id*. at ¶ 10, Ex. A (Request No. 2020-454). OMB issued its determination of the request on June 9, 2020, asserting that "there was no specific federal acquisition budget for each year, and therefore, the OMB had no records responsive to ASBL's FOIA request." *Id*. at ¶ 11, Ex. B. ASBL disputed this determination, asserting that it was "unlikely that the federal government did not have any records responsive" to the request. OMB' response to the request did not change and ASBL filed a formal administrative appeal of its FOIA request on July 17, 2020. ASBL has received no response regarding the appeal. *Id*. at ¶¶ 12-17, Exs. C-G. ASBL brings one claim against OMB, alleging that OMB must have records responsive to its request and that it has wrongfully withheld the records in violation of FOIA. *Id*. at ¶¶ 49-52 ("Count One"). It seeks declaratory relief and injunctive relief "compelling disclosure of all records responsive to ASBL's initial FOIA request" to OMB. *Id*. at ¶ 54, Prayer (C).

ASBL's claim against SBA is based on three separate FOIA requests it made on April 9, 2020; June 1, 2020; and June 19, 2020.

ASBL's April 9, 2020 request sought the following five categories of records:

- All documents indicating the names and salaries of each current employee of the Small Business Administration's (SBA) Press Office;
- All documents indicating, concerning, or referring to all outbound calls made by every employee of the SBA's Press Office between June 1, 2019 and March 31, 2020;
- All records of communications (written, oral, and electronic) indicating, concerning, or referring to outbound calls made by every employee of the SBA's Press Office between June 1, 2019 and March 31, 2020;
- All documents indicating, concerning, or referring to any and all inbound and outbound calls for Terry Sutherland between June 1, 2019 and March 31, 2020; and
- All records of communications (written, oral, and electronic) indicating, concerning, or referring to any and all inbound and outbound calls for Terry Sutherland between June 1, 2019 and March 31, 2020.

Compl. ¶ 19, Ex. H (Request No. SBA-2020-000565).

1  ASBL's June 1, 2020 request to SBA sought "all of the emails in SBA's possession
2  regarding the Regional Regulatory Fairness Board, and all emails in SBA's possession relating to,
3  mentioning, received by or authored by Jeffrey Koenig and Jerome Toliver (who are on Region 9
4  of the Regional Regulatory Fairness Board), and Dr. Alison K. Brown." Compl. ¶ 28, Ex. M
5  (Request No. SBA-2020-001532).
6  On June 19, 2020, ASBL requested six additional categories of records:

- Any and all emails and correspondence relating to Bertica Cabrera-Morris, member of the National Small Business Development Center (SBDC) Advisory Board and owner of BCM Consulting;
- Any and all emails and correspondence relating to Lea Marquez Peterson, member of the National SBDC Advisory Board and owner of the Marquez Peterson Group;
- Any and all emails and correspondence relating to Bruce Thompson, member of the National SBDC Advisory Board and President of Regional Centers Holding Group;
- Any and all emails and correspondence relating to Elizabeth ("Liz") Sara, Chair of the National Women's Business Council;
- Any and all emails and correspondence relating to Pamela Prince-Eason, President and CEO of the Women's Business Enterprise National Council; and
- Any and all emails and correspondence relating to Rebecca Hamilton, member of the National Women's Business Council.

Compl. ¶ 36, Ex. Q (Request No. SBA-2020-002298).

In response to the three FOIA requests, SBA informed ASBL that it was not entitled to a waiver of fees associated with processing the three requests under FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and demanded payment of fees before it would respond. Compl. ¶¶ 20, 29, 37. ASBL alleges that it filed timely administrative appeals of SBA's fee waiver determinations, *id*. at ¶¶ 22-24, 30-32, 38-40, and that it is entitled to a fee waiver under FOIA because disclosure of the information is in the public interest. It also alleges that even if it is not entitled to a fee waiver for the three requests to SBA, SBA's assessment of charges against ASBL prior to responding to the requests was unlawful. *Id*. at ¶¶ 25, 26, 33, 34, 41, 42. ASBL brings one claim against SBA

3

1  based on its alleged improper assessment of fees in violation of FOIA. *Id*. at ¶¶ 56-64 ("Count

2  Two"). It seeks declaratory relief and injunctive relief "ordering the SBA to waive all fees

3  associated with all of ASBL's pending FOIA requests . . . or, in the alternative, ordering the SBA

4  to charge no more for each request than the amount permitted by FOIA, and to produce the

5  requested records." *Id*. at Prayer (D)-(G).

6  ASBL filed the complaint on October 13, 2020. After ASBL served Defendants, the

7  parties stipulated to a 30-day extension for Defendants to respond to the complaint and to continue

8  the initial case management conference. [Docket No. 17.] Defendants then filed the instant

9  motion in which they argue that they are improperly joined pursuant to Federal Rule of Civil

10 Procedure 20(a)(2). They ask the court to sever the claims against the two agencies. ASBL

11 opposes the motion.

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 20 governs permissive joinder of parties. It provides as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). The rule "imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted . . . against . . . each . . . defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The requirements for permissive joinder under Rule 20 are liberally construed to "promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id*. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S.

4

715, 724 (1966).

The court may, at any time and upon just terms, add or drop a party. Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."). District courts are vested with broad discretion in deciding whether to grant severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000).

**III.  ANALYSIS**

Defendants move to sever the complaint into separate lawsuits against each agency pursuant to Rule 21. They argue that ASBL cannot satisfy the requirements for permissive joinder under Rule 20(a)(2) and that severance will promote judicial economy.

The first requirement of Rule 20(a)(2) is that the claims "aris[e] out of the same transaction [or] occurrence." Fed. R. Civ. P. 20(a)(2)(A). "The Ninth Circuit has indicated that the requirement of 'same transaction, occurrence, or series of transactions or occurrences' refers to the similarity in the factual background between" claims. *Jones v. CertifiedSafety, Inc.*, No. 17-cv-02229-EMC, 2019 WL 758308, at *4 (N.D. Cal. Feb. 20, 2019) (citing *Coughlin*, 130 F.3d at 1350). Rule 20's "same transaction" requirement "may comprehend a series of occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id*. (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

Here, ASBL's claims against OMB and SBA are different. They are brought against separate and distinct agencies and their factual bases are unrelated. ASBL sues OMB for failing to conduct a reasonably diligent search for requested records and for wrongfully withholding responsive records. In contrast, ASBL challenges the SBA's decision not to grant ASBL a fee waiver under FOIA. The only similarity is that the same requester made FOIA requests to two different agencies. This clearly is insufficient to justify adjudication in a single case.

ASBL argues that joinder is appropriate because it made its FOIA requests to both agencies in furtherance of its institutional goal "of verifying the SBA's statement that the federal government has met its goal of allocating 23 percent of federal contracting dollars to small businesses." Opp'n 7. Therefore, it argues, both of its claims "arise out of a common series of

5

occurrences stemming from" the task of verifying SBA's representations. In support of its position, ASBL cites this court's recent decision in *Gutta v. Renaud*, No. 20-cv-06579-DMR, 2021 WL 533757, at *5 (N.D. Cal. Feb. 12, 2021), for the proposition that "[i]n the context of permissive joinder, 'the term 'transaction' . . . takes on a flexible meaning [and] absolute identity of all events is unnecessary.'" (quoting *Smith v. Cty. of Santa Clara*, No. 11-cv-05643-EJD, 2013 WL 3242346, at *4 (N.D. Cal. June 25, 2013) (quoting *Mosley*, 497 F.2d at 1333) (internal quotation marks and alterations omitted)). Opp'n 6. *Gutta* is not a FOIA case and is otherwise readily distinguishable. In *Gutta*, 22 foreign nationals submitted Form I-526 petitions to the United States Citizenship and Immigration Services ("USCIS") and then brought a single claim against USCIS for unreasonable delay in adjudicating the petitions in violation of the Administrative Procedure Act. 2021 WL 533757, at *1. USCIS moved to sever the 22 unrelated plaintiffs by arguing that each was at a different stage of adjudication before USCIS, and each petition required fact-specific inquiries and determinations. *Id.* at *5. The court rejected this argument, noting that "Plaintiffs are not seeking a merits determination. They simply want USCIS to act. . . . Plaintiffs allege that all delays arose from a 'common policy and practice to withhold and delay adjudication.'" *Id.* The court found that the claims arose from the same transaction or occurrence because "all the petitions at issue were submitted to one agency under the same visa program and are subject to the same requirements," and that "despite individual differences . . . all share a 'logical relationship' in that the alleged delays stem from the [single agency's] same underlying course of conduct." *Id*.

Here, ASBL does not allege the same or similar "underlying course of conduct" with respect to its FOIA requests. Instead, it submitted different FOIA requests to different agencies, received different responses from each agency, and pursues different claims and remedies against each. These facts also distinguish ASBL's claims from those at issue in *American Oversight v. United States Department of Veterans Affairs*, 326 F.R.D. 23 (D.D.C. 2018), the sole FOIA case it cites in the opposition. *See* Opp'n 8. In *American Oversight*, the plaintiff submitted 18 virtually identical FOIA requests from 17 federal agencies about political appointees in the Trump Administration. *Id*. at 25. The agencies failed to respond to the requests and the plaintiff filed

suit, alleging the defendant agencies failed to comply with FOIA's time limit provisions. *Id*. at 25-26. The government moved to sever the complaint into separate lawsuits against each individual agency, arguing that the "case involves the separate processing by distinct agencies of distinct FOIA requests," and that even though the defendants allegedly "commit[ed] the same type of violation," the plaintiff had not alleged a "concerted action" between them. *Id*. at 28. The court found that any differences in the FOIA requests to each agency were minor. *Id*. It also held that common legal and factual questions were likely to arise since "each defendant agency is likely to invoke the same exemptions to justify any withholding." *Id*. at 29-30.

Given that ASBL is suing two agencies for different types of claims regarding unrelated FOIA requests, there is no case management efficiency or other benefit to be gained from allowing the case to proceed under one caption. In fact, permitting joinder under such circumstances may result in overall delays. Severing the case against each agency serves judicial economy and does not result in any prejudice to ASBL.

In sum, ASBL has not demonstrated that its claims against the two agencies relate to or arise out of the same transaction or occurrence. As ASBL fails to satisfy the first part of the permissive joinder test, the court need not reach the second. ASBL's claims against SBA are severed and shall proceed in a separate case with SBA as the sole defendant. The Clerk of Court shall open a new case with a separate case number. No additional filing fee is due. The new case shall be assigned to the undersigned, and this order shall be the first docket entry. Within seven days of the date of this order, ASBL shall file a complaint in the new matter containing its claims against SBA only. SBA shall file a responsive pleading within 14 days of the filing of the complaint. OMB shall file an answer to the instant complaint against OMB within 14 days of the date of this order. All parties have already consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and need not file new consent forms in the severed case.

The court will hold a case management conference in both cases on July 21, 2021 at 1:30 p.m. Joint case management statements are due in both cases by July 14, 2021.

//

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to sever is granted.

**IT IS SO ORDERED.**

Dated: April 21, 2021



Donna M. Ryu
United States Magistrate Judge