KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
IRENE LEE (SBN 331485)
CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
Email: kolson@cofolaw.com
afield@cofolaw.com
ilee@cofolaw.cm

Attorneys for Plaintiff,
AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. 4:21-cv-02877-DMR<br><br>**DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**<br><br>Date: October 27, 2022<br>Time: 1:00 p.m.<br>Judge: Hon. Donna M. Ryu<br>Dep't: Courtroom 4, 3rd Floor |

I, KARL OLSON, declare:

1. I am a member in good standing of the State Bar of California and am a partner at Cannata, O'Toole, Fickes & Olson LLP, counsel of record for Plaintiff American Small Business League ("Plaintiff" or "ASBL"). I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

## EXPERIENCE AND REQUESTED HOURLY RATES

2. I have extensive experience in media and First Amendment litigation, and in California Public Records Act and Freedom of Information Act ("FOIA") litigation in particular, that supports my requested hourly rate of $800 an hour.

3. I was admitted to the California bar and the Bar of this Court in 1982 after graduating, *magna cum laude*, from the University of California Hastings College of the Law that year. From 1982 to 1983 I served as a law clerk and then research attorney to Justice Joseph R. Grodin, first on the California Court of Appeal and then on the California Supreme Court when he was elevated to the California Supreme Court in December of 1982. I worked as an associate at Morrison & Foerster from 1983 to 1986, and then at the firm of Cooper, White & Cooper in San Francisco, as an associate from 1986 to 1989 and then as a partner from 1990 to 1997. In 1997, I co-founded the firm of Levy, Ram & Olson, which became Ram & Olson in 2009 and then Ram, Olson, Cereghino & Kopczynski in 2011. In 2017, I joined my current firm as a partner. Because I have practiced at large, medium-sized and small firms in the Bay Area, and have handled cases throughout California, I am quite familiar with prevailing hourly rates for attorneys in California.

4. I have specialized in media and First Amendment law since 1986. I won the James Madison Freedom of Information Award from the Northern California Society of Professional Journalists in 2005, and was a co-winner of that award in 2018. I also won the California Newspaper Publishers Association Freedom of Information Award in 2012. I have been named a "SuperLawyer" for approximately 11 years in a row and as "Lawyer of the Year" for Northern California in the Litigation-First Amendment field by Best Lawyers for 2019.

1

DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
CASE NO. 4:21-cv-02877-DMR

5. For approximately the last 20 years, my practice has concentrated heavily on the California Public Records Act. I was lead counsel of record for the prevailing petitioner, Contra Costa Newspapers, Inc., in the case of *International Federation of Professional and Technical Engineers Local 21 v. Superior Court* (2007) 42 Cal.4th 319, where the California Supreme Court held that there is a right of access to named public employees' salaries. I argued that case in the Supreme Court, the Court of Appeal and the trial court. I was also counsel of record for the prevailing petitioner, *The Sacramento Bee*, in the case of *Sacramento County Employees' Retirement System v. Superior Court* (2011) 195 Cal.App.4th 440, where the Court of Appeal held that there is a right of access to named public employees' pension amounts. I represented media and non-profit organizations as *amici curiae* in the case of *City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, and split the oral argument time before the California Supreme Court in that case. I have handled many other Public Records Act cases throughout the state of California. I have also handled a number of Freedom of Information Act (FOIA) cases.

6. I am familiar with my associate (now partner) Aaron Field's background and experience in media and access law. I worked with Mr. Field on media and access law matters before he joined COFO, and I now supervise Mr. Field's work on media law and government transparency matters at COFO. Mr. Field has media and government transparency law experience that supports his requested hourly rate of $400 an hour.

7. Mr. Field earned a B.A. degree from St. John's College in Santa Fe, New Mexico in 2009, and a J.D. degree from U.C. Hastings College of the Law in 2015. Mr. Field joined COFO (then "Cannata O'Toole Fickes & Almazan LLP") in 2015 and has worked here ever since.

8. Before law school, Mr. Field worked for former Federal Communications Commission General Counsel and Associate Deputy Attorney General Bruce Fein, first as a legal intern, and then as a Paralegal and Executive Assistant. Mr. Field supported Mr. Fein's work on media law and First Amendment cases.

9. In law school, Mr. Field worked for me and Ram, Olson, Cereghino & Kopczynski as a Law Clerk; as a Summer Associate at Kerr & Wagstaffe, a San Francisco litigation boutique

with a media and First Amendment law practice; and as a Legal Intern at the First Amendment Coalition ("FAC"). Mr. Field did media and First Amendment law work in all of these roles. Notably, Mr. Field assisted me in representing multiple news media organizations as amici curiae before the California Court of Appeal and the California Supreme Court in *City of San Jose v. Superior Court*, 2 Cal.5th 608 (2017), the landmark California Public Records Act case referenced above. He was also a member of the Moot Court Team and the Moot Court Board. He represented Hastings in three moot court competitions and won First Place and Second Best Brief in the 2015 Jerome Prince Memorial Evidence Competition at Brooklyn Law School.

10. Mr. Field has represented parties in a broad array of civil litigation matters in state and federal courts, at the trial and appellate levels. However, he focuses his practice on media and First Amendment law. He and I have worked together on numerous media law matters, including access matters arising under the California Public Records Act and the Freedom of Information Act.

11. Mr. Field has also served in recent years and continues to serve as a member, and from 2018-2020 served as the Attorney Co-Chair, of the Freedom of Information Committee ("FOIC") of the Northern California Chapter of the Society of Professional Journalists. The FOIC is a committee of journalists and First Amendment lawyers that advocates for free speech and transparent government, including in California Public Records Act cases. For his advocacy in that role, Mr. Field was awarded SPJ NorCal's 2019 Excellence in Journalism Award for Meritorious Service to his SPJ NorCal chapter.

12. Mr. Field and I have been awarded attorney's fees at rates consistent with those requested here in other recent cases. For example, in *Relente v. Viator*, Case No. 12-cv- 05868-JD (N.D. Cal.), I was awarded fees at $750 per hour in 2015. In *Ehret v. Uber*, Case No. 3:14-cv-113-EMC (N.D. Cal.), I was awarded fees at $800 per hour in 2017. In *Hoeper v. City and County of San Francisco*, San Francisco Superior Court, Case No. CGC-15- 543553, I was awarded fees at $750 per hour, and Mr. Field was awarded fees at $350 per hour, in 2017. A true and correct copy of the San Francisco Superior Court's order awarding fees at these rates is attached hereto as **Exhibit A.** In *Tobinick v. Regents of the University of California*, Los Angeles

3

DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
CASE NO. 4:21-cv-02877-DMR

Superior Court Case No. BS170575, the Los Angeles County Superior Court awarded fees based upon a rate of $775 per hour for my time in 2019.

13. I am familiar with my associate Irene Lee's background and experience in FOIA litigation. Ms. Lee graduated from UC Hastings and joined COFO in 2019, where she is now an Associate. In law school, Ms. Lee worked as a Legal Intern at the Electronic Frontier Foundation, where she helped prepare FOIA requests. She was also a member of the UC Hastings moot court team and moot court board. At COFO, Ms. Lee has played a significant role in California Public Records Act and Freedom of Information Act cases in which our firm represented the requesters, as well as representing COFO's clients in a wide range of other matters. In my opinion, the requested hourly rate of $325 per hour for her time is reasonable given her background and experience, and significantly lower than prevailing hourly rates for attorneys of her experience in large San Francisco firms.

14. I am also familiar with my paralegal/legal assistant Kristel Gelera's background and experience in FOIA and other litigation. Ms. Gelera graduated from California State University, Sacramento with a B.A. in Public Relations in 2011, and obtained a Certificate in Paralegal Studies from California State University – East Bay in 2019. Ms. Gelera joined COFO in February 2019, and is an integral member of our team. She has worked on many FOIA matters, as she often collaborates with myself and Mr. Field. COFO generally bills clients for Ms. Gelera's work by the hour, consistent with what I believe to be the usual practice of law firms in major California legal markets. I am aware of firms that bill out senior paralegals at over $200 or $250 per hour, or more. In my opinion the claimed hourly rate of $175 for Ms. Gelera is reasonable given her level of skill and experience, and is lower than rates that courts in major California legal markets have awarded for paralegals. *See, e.g., In re Magsafe Apple Power Adapter Litig.*, Case No. 5:09-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (holding in 2015 that in the Bay Area, reasonable hourly rates for paralegals and litigation support staff range from $150 to $240."); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 WL 1746484, at *21 (C.D. Cal. Mar. 24, 2015) (approving "paralegal fees at

4

DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
CASE NO. 4:21-cv-02877-DMR

1  rates between $240 for a paralegal with five years' experience to $345 for a paralegal with 23

2  years' experience").

3   15.   It is also clear to me from looking at the docket and the briefs filed in this case that

4  the SBA here put forth a vigorous defense, requiring Plaintiff's counsel to respond with an in-

5  depth, heavily-researched response, supported by declarations.

6   16.   I have reviewed the hours spent by Plaintiff's counsel on various aspects of this

7  litigation, including drafting pleadings and negotiating with opposing counsel. I believe those

8  hours to be reasonable, necessary and appropriate given the degree to which the SBA has fought

9  against ASBL in this case.

10   17.   Plaintiff's counsel exercised considerable judgment, targeting the litigation on the

11  core issue of Plaintiff's challenge to SBA's charges for "search and review" fees.   While the

12  work involved here was considerable, it was also focused, with Plaintiff's counsel investing time

13  in matters of significance and responding to Defendants' arguments where required.  That

14  approach was both efficient and successful, as this Court's 27-page Order (Dkt. No. 30)

15  eliminating the vast majority of the fees ("search and review" fees) the SBA tried to charge

16  ASBL demonstrated.

17   18.   I have also reviewed the hours Plaintiff's counsel has spent to date on preparing

18  our fee petition and securing the necessary evidentiary support for the sums requested. Although

19  that work is not yet complete, the work invested thus far is clearly reasonable and necessary given

20  the sums at stake.  Counting time which had been recorded in the month of August through

21  August 24, our fees in connection with this fees motion are $35,877.50:   31.6 hours of my time at

22  $800 per hour=$25,280; 31.8 hours of Irene Lee's time at $325 per hour=$10,335; and 1.5 hours

23  of Kristel Gelera's time at $175 per hour=$262.50.  We currently seek fees on fees of $55,000,

24  but counting the remaining time involved in filing our opening papers, the time involved in

25  preparing a Reply Brief, and the time involved in preparing for and attending the hearing on this

26  attorney's fees motion, I believe there is a high probability that the fees incurred in connection

27  with this attorney's fees motion will exceed $55,000, and may be in the range of $60,000 to

28  $75,000.  We anticipate filing a Supplemental Declaration with our Reply Brief updating the

Court on our fees through the Reply Brief and an updated estimate of the fees incurred in connection with our attorney's fees motion.

**Appropriateness of Case Staffing and Exercise of Billing Judgment**

19. In my opinion, I appropriately staffed this case, dividing work between myself, junior partner Aaron Field and associate Irene Lee. Together, we formed a litigation team that had the relevant experience and capacity to handle this case. In contested FOIA litigation, such staffing decisions are frequently difficult to achieve over a protracted period of time given the nature of the agency's position, but appropriate case management procedures were followed by plaintiff's counsel in this case.

20. The use of multiple attorneys in FOIA litigation is commonplace, so as to reduce the costs of the litigation. Here, Plaintiff's counsel appropriately used junior attorneys to do legal research, review documents, and draft some pleadings, thereby helping cut down on the costs incurred by the more senior attorneys. Plaintiff's counsel also chose to have junior partner Aaron Field as the sole representative for ASBL at the summary judgment hearing. I did not see any signs of inappropriate staffing in this litigation.

21. The time spent in this case by our firm was reasonable and necessary, given that Plaintiff did extensive briefing on cross-motions for summary judgment. Plaintiff currently seeks a total of $89,752.68 in attorney's fees and costs, not counting "fees on fees." This consists of 27.55 hours of my time at $800 per hour ($22,040), 113 hours of Mr. Field's time at $400 per hour ($45,200), 43.95 hours of Ms. Lee's time at $325 per hour ($14,283.75), 26.75 hours of paralegal and legal assistant time at $175 per hour ($4,681.25), and $3,547.68 in costs. I believe that is a reasonable amount, and indeed considerably less than is usually spent in litigating FOIA cases. Attached as **Exhibit B** is a chart that provides information regarding time spent by our firm on this action that we are currently seeking in this Motion.

22. Excluding the time spent litigating the SBA's motion to sever (which we are not seeking to recover here), plaintiff's counsel had actually incurred approximately $102,258.44 in fees and costs from the start of the litigation through July 7, 2022, the merits portion of the case. This number is comprised of 29.55 hours of my time at $800 an hour, 133.1 hours of Mr. Field's

1    time at $400 per hour, and 50.1 hours of Ms. Lee's time at $325 per hour, plus 27.4 hours of

2    paralegal and legal assistant time at $175 per hour, as well as $4,299.94 in costs. Attached as

3    **Exhibit C** is a chart that provides information, using data from COFO's Timeslips records,

4    regarding all time and costs recorded in this action, excluding time and costs associated with

5    litigating the SBA's motion to sever.

6          23.    In an exercise of billing judgment, and to account for possible apportionment, even

7    though ASBL does not believe apportionment is necessary, feasible or appropriate in this case,

8    we reduced 2 hours of my time at $800 per hour ($1,600), 8.2 hours of Mr. Field's time at $400

9    per hour ($8,040), 6.15 hours of Ms. Lee's time at $325 per hour ($1,998.75), 0.65 hours of

10   paralegal and legal assistant time at $175 per hour ($113.75), and $752.26 in costs. As stated, we

11   do not believe that apportionment is necessary or appropriate in this case, because it involved

12   only one cause of action and a common core of facts. In addition, it is extremely difficult to

13   separate out time spent on one aspect of cross-motions for summary judgment from another, since

14   one generally does not bill or record time spent writing one brief or arguing one motion in such a

15   way as to separate different arguments or sub-arguments.

16         24.    I am informed that the rates sought by ASBL in this action are well below those

17   charged by other San Francisco-based attorneys and attorneys with similar years of experience. I

18   have received and reviewed the Declaration of Mark C. Mao, filed in the case *Brown v. Google,*

19   *LLC*, No. 4:20-cv-03664-YGR (N.D. Cal.), and the exhibit (Exhibit A) attached thereto showing

20   the rates of other San Francisco attorneys for 2022. Based on the exhibit attached to the

21   declaration, Mark C. Mao, who has approximately 17 years of litigation experience (less than half

22   my level of experience) in the San Francisco area, currently bills at $1,000 per hour. Beko

23   Reblitz-Richardson, who also has approximately 17 years of litigation experience in the San

24   Francisco area, currently charges $1,070 per hour. Amanda K. Bonn, a partner at a Los Angeles

25   firm with approximately 12 years of experience, charges $725 per hour. Junior associate Erika

26   Nyborg-Burch, who was admitted in December 2021 and is based in San Francisco, currently

27   charges $760 per hour. Thus, an attorney with one year of experience bills at almost as much as

28   I, with 40 years of experience, am seeking in this case, and considerably more than the rate we

seek for Mr. Field and Ms. Lee, who have more experience than Ms. Nyborg-Burch. Lastly, Jennifer Cabezas, who charges the lowest paralegal rate, currently charges $225 per hour. Attached hereto as **Exhibit D** is a true and correct copy of the Declaration of Mark C. Mao as filed in the *Brown v. Google* case. We are seeking judicial notice of that declaration in a separate Request for Judicial Notice.

25. I am informed that the government has argued that a considerable amount of ASBL's fee request should be reduced for partial success. As stated above, I do not believe that the Court's June 7, 2022 Order warrants an apportionment of fees because all of the issues related to a common core of facts and related legal issues, which all pertained to whether SBA should be able to charge for "search and review" fees. It is common in FOIA litigation for a plaintiff not to prevail on every issue raised or to win on disclosure of every document at stake. It is uncommon, however, for fees to be significantly "apportioned" for partial success in FOIA cases, and in my opinion apportioning fees in a case like this does not serve the purpose of FOIA because doing so would discourage potential plaintiffs from vindicating their right of access to information in FOIA cases. The availability of attorney's fees in FOIA cases is an important feature of the FOIA statutes, and that availability would be diluted by apportionment for partial success, thus discouraging plaintiffs from filing FOIA litigation and discouraging efforts to hold the government accountable. In addition, in this case it would be difficult if not impossible to apportion between whatever time might have been spent on a "fee waiver" argument vs. time spent on the "representative of the news media" and "non-commercial use" arguments, since all pertained to a common core of facts, a single cause of action, and briefs which covered all issues.

26. I believe that the Court's June 7, 2022 ruling that ASBL sought records for non-commercial use and qualified as a representative of the news media was a major victory, not just for ASBL in this case, but also for other similar organizations in future cases. I am informed and believe that organizations which fight for and advocate for workers, consumers and the environment often live on a shoestring, and cannot litigate FOIA, civil rights, or employment cases without the realistic prospect of recovering attorney's fees. I strongly believe that this Court's ruling will effectively remove administrative barriers to access, benefitting both ASBL

8

DECLARATION OF KARL OLSON IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
CASE NO. 4:21-cv-02877-DMR

and organizations dedicated to holding the government accountable and serving the public's right to know, which is at the core of FOIA. I also believe that this ruling will benefit the public by helping ASBL and other non-profit and advocacy organizations, such as consumer, civil rights, free speech or environmental organizations, gain access to federal records and hold the government accountable. I believe that SBA has recognized the importance of this decision by filing a belated appeal of this case on August 10, 2022.

27. Finally, ASBL seeks $55,000 for "fees on fees." This figure is likely to be far less than plaintiff is likely to spend on the fee issue given the need to file an opening brief and declarations, a Reply Brief, and to prepare for and attend the hearing on the motion. This amount is eminently reasonable and is far less than parties often incur litigating fees. We intend to file a supplemental declaration with our Reply Brief setting forth the time expended up to the date of the Reply Brief, including time spent on our opening motion.

28. In short, the total amount requested by plaintiff on this motion – including fees on the merits, costs and "fees on fees" – is $144,752.68. Given the battle plaintiff had to fight in this case against the SBA to prevail, and will have to fight to recover attorney's fees (SBA made no offer for fees), this amount is reasonable and should be awarded in my opinion.

29. The tenacity of the defense is certainly a factor relevant in determining the reasonableness of a plaintiff's fees. While this case did not go to trial, the SBA fought vigorously against ASBL, requiring in-depth research into rarely-litigated issues and extensive analysis of the arguments of opposing counsel.

30. After the resolution of the issues on summary judgment, I, on behalf of ASBL, contacted the SBA regarding ASBL's intent to seek attorney's fees and a proposed briefing schedule for a motion for attorney's fees, should ASBL file such a motion. The briefing schedule, stipulated to by both parties and approved by the Court in Dkt. No. 33, provided that ASBL would send its initial offer to SBA by July 7, 2022, the SBA would provide its response regarding the offer by August 4, 2022, and if the parties were unable to resolve the issue of fees informally, ASBL would file a motion for attorney's fees by August 18, 2022. The briefing deadlines were later extended by one week pursuant to a stipulated order in Dkt. No. 38. We

sincerely attempted to resolve the issue of fees without motion, but SBA did not make any offer and it became apparent early on that a motion would be necessary.

31. ASBL has eliminated all of the fees at issue in this case which SBA had tried to charge, assessed under FOIA Request Nos. SBA-2020-000565 ("565"), SBA-2020-001532 ("1532"), and SBA-2020-001953 ("1953"), because all of the assessed fees are "search and review" fees. The SBA assessed a total of $12,584 for Request No. 565, which is comprised of 2 hours of computer run time to search for records at $100 per hour and 18 days of review by a GS-15 and above level employee at $86 per hour. The SBA assessed a total of $2,852 for Request No. 1532, which is comprised of 1 hour of computer run time at $100 per hour and 4 days of review by a GS-15 and above level employee at $86 per hour. Lastly, the SBA assessed a total of $2,264 for Request No. 1953, which is comprised of 2 hours of computer run time at $100 per hour and 3 days of review by a GS-15 and above level employee at $86 per hour.

32. On January 14, 2021, the SBA's Office of the Inspector General ("OIG") released an inspection report regarding the implementation of the Paycheck Protection Program ("PPP"). SBA Office of the Inspector General, *Report No. 21-07: Inspection of SBA's Implementation of the Paycheck Protection Program* (Jan. 14, 2021) https://www.sba.gov/sites/default/files/2021-01/SBA%20OIG%20Report-21-07.pdf. The OIG found that the SBA had approved approximately 55,000 loans, at an estimated $7 billion, to potentially ineligible businesses; that the SBA's PPP publicly-reported and loan-level data was inaccurate and incomplete; and that the SBA's initial implementation was not executed efficiently (resulting in, among other issues, confusion amongst lenders and borrowers) but the SBA has since issued further guidance to aid lenders and borrowers. *Id.* at 6, 10, 15. With regard to the potentially ineligible businesses that received PPP funds, more than 2,900 of these businesses obtained a Taxpayer Identification Number after February 15, 2020 – the date by which businesses were required to be in operation. *Id.* at 6. More than 43,000 PPP loans totaling $11.7 billion exceeded the per-employee maximum loan amount by approximately $3.7 billion. *Id.* at 7. Approximately $1.7 billion of these loans were reduced or cancelled because of potentially erroneous initial approval amounts. *Id.* Lastly, approximately 355 businesses that obtained PPP loans, totaling approximately $856 million, were

1  ineligible because they exceeded the maximum size. *Id.* at 8.

2  I declare under penalty of perjury under the laws of the United States of America that the

3  foregoing is true and correct.

4  Executed this 25th day of August, 2022 in San Francisco, California

_____
KARL OLSON

CANNATA O' TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111