KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
IRENE LEE (SBN 331485)
CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone:  (415) 409-8900
Facsimile:  (415) 409-8904
Email:  kolson@cofolaw.com
        afield@cofolaw.com
        ilee@cofolaw.cm

Attorneys for Plaintiff,
AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>                Plaintiff,<br><br>        vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>                Defendant. | Case No. 4:21-cv-02877-DMR<br><br>**DECLARATION OF LLOYD CHAPMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**<br><br>Date:    October 27, 2022<br>Time:    1:00 p.m.<br>Judge:   Hon. Donna M. Ryu<br>Dep't.:  Courtroom 4, 3rd Floor |

I, LLOYD CHAPMAN, declare:

1. I am the President and founder of the American Small Business League ("ASBL"), the FOIA requester and plaintiff in this action. I have personal knowledge of the facts stated herein, and I could testify to their truth if called on to do so, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

2. Since 1991, I have been successful in winning many legal battles with the federal government and uncovering the extent to which large companies have been receiving federal contracts intended for small businesses. In 1991, I submitted a FOIA request regarding funding for the Lockheed Martin F-22 Raptor, which prompted a Congressional investigation by the House Armed Services Committee into the aircraft. That investigation uncovered the fact that over 5,300 large businesses were receiving federal small business contracts. As a result of that investigation, small business subcontract dollars were increased from $16 million to $517 million.

3. ASBL is an organization founded in 2004 that is located in Petaluma, California. ASBL's core mission is to promote and advocate for the interests and legal rights of small businesses, including women-, veteran-, and minority-owned small businesses, which are entitled to additional benefits under federal law. ASBL uses the Freedom of Information Act ("FOIA") and other tools to investigate whether programs that officials say are meant to help small businesses are working as intended, checking the truth of what agencies say to the public against what these agencies say internally, and against actual data about how small business programs are implemented. ASBL then makes statements and speaks publicly about what it learns, and publishes important documents it obtains on its website, informing decisions by Congress, agency administrators, and the public about how small business programs and policies should be designed, implemented, and improved. ASBL is a non-profit organization and it does not make FOIA requests or use the information it gathers from FOIA requests for commercial purposes.

4. To these ends, ASBL regularly makes FOIA requests and analyzes and publishes information that it has obtained through FOIA, and it has successfully prosecuted many FOIA

DECLARATION OF LLOYD CHAPMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
CASE NO. 4:21-cv-02877-DMR

lawsuits. ASBL has used FOIA to investigate and publish information about, among other things, whether the federal government is meeting its goal of ensuring that small businesses receive at least 23% of the total value of federal contracts as set forth in the Small Business Act, whether small business programs are working as intended, whether the government is representing the performance of small business programs accurately, whether there is waste, fraud, abuse, or noncompliance in federal small business programs, and whether programs meant to benefit small businesses are benefitting large businesses instead.

5.  More recently, ASBL litigated in this district, before the Honorable William Alsup, to establish the public's right of access to small business subcontracting compliance ratings, and other compliance information, about huge national defense contractors, which are legally bound to subcontract the contracting dollars they receive from the Department of Defense to qualifying small businesses. Judge Alsup, in a January 20, 2015 hearing on Sikorsky's Motion to Intervene in the action, described the relationship between ASBL and Sikorsky as ".more like a David and Goliath" and ASBL would "be the underdog again against the big company and against big government." *Am. Small Bus. League v. U.S. Dep't. of Defense*, Case No. 3:14-cv-02166, ECF No. 57 at 9:11-10:6. ASBL prevailed in important part, and the records it obtained revealed that Sikorsky (now a subsidiary of Lockheed Martin Corporation) had received a low "Marginal-Deficient" compliance rating in one of the few rating periods at issue due to a "huge gap" between its small-business subcontracting performance and goals. ASBL also, by establishing that small business subcontracting compliance ratings are subject to disclosure, disincentivized poor compliance by defense contractors. ASBL is presently litigating a FOIA case against the SBA seeking information about, *inter alia*, the implementation and funding of the federal Paycheck Protection Program.

6.  Information ASBL has obtained through FOIA has been widely distributed to the national and local media. Over the years, I have appeared in virtually every form of media, including on television through ABC, CBS, NBC, CNN, FOX, and CNBC, as well as in radio, newspapers, magazines, blogs, and podcasts to disseminate ASBL's viewpoints on the importance of small businesses and the need for them to get their fair share of federal

2

DECLARATION OF LLOYD CHAPMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
CASE NO. 4:21-cv-02877-DMR

subcontracting dollars under the Small Business Act.  Recently I appeared on KTVU Channel 2, a Bay Area television station, to set forth ASBL's views about the extent to which the Paycheck Protection Program ("PPP") was helping small businesses and the extent to which large businesses were receiving PPP money that should have gone to smaller businesses.  ASBL's counsel, Karl Olson, has also written op-ed pieces for newspapers about small business issues and ASBL, most recently about how a lot of Paycheck Protection Program funds went to large businesses and not small businesses.  ASBL's activities have prompted over a dozen federal investigations and over 100 investigative reports and articles in the national media, such as "Sleighted" by *Public Citizen* and "Giant Corporations Are Reaping Billions from Federal 'Small Business' Contracts" by *Mother Jones*.  *See*, Taylor Lincoln, *Sleighted: Accounting Tricks Create False Impression that Small Businesses Are Getting Their Share of Federal Procurement Money, and the Political Factors That Might be at Play* 9 (2015) https://www.citizen.org/wp-content/uploads/small-business-contracting-report.pdf; *see also*, Josh Harkinson, *Giant Corporations Are Reaping Billions from Federal "Small Business" Contracts*, Mother Jones (Jul 25, 2016) https://www.motherjones.com/politics/2016/07/fortune-500-corporations-federal-small-business-contracts-administration-lawsuit/.  In my opinion, ASBL's activities have conferred a significant benefit upon the public in general and small businesses in particular.

7. I am familiar with and directed the making of ASBL's FOIA requests, including the FOIA requests at issue in this lawsuit.  As to each request, ASBL's purpose was to further the objectives set forth above, and not to obtain any commercial benefit.  ASBL intends to review and analyze the records it obtains from the SBA in response to these requests, and to publish any important information contained in those records on its website and disseminate it to traditional news media entities through press releases and media appearances.  None of these requests were made for a commercial purpose.

8. I directed the making of FOIA Request No. SBA-2020-000565, which requests records relating to the SBA's Press Office and Terrence Sutherland, the Deputy Associate Administrator (Operations) of the SBA's Office of Communications and Public Liaison.  I directed that this request be made to determine whether or not the SBA's Press Office was

accurately reporting information it had received relating to small business concerns during the beginning of the Coronavirus ("COVID-19") pandemic. Specifically, the SBA and sponsors of the PPP had represented that PPP funds would be directed to small businesses, but it was later revealed that was not the case and that billions of dollars of funding went to large corporate chains, such as Shake Shack, Forbes Media, TGI Friday's, Newsmax Media, Black Angus Steakhouse, The Church of Scientology, Rag & Bone, P.F. Chang's, Ashford Hospitality Trust, Ruth's Chris Steak House, Ritz Carlton Lake Tahoe, Quantum Corporation, the Los Angeles Lakers, and other larger businesses. Musical groups, such as Guns and Roses, Pearl Jam, and The Eagles, also received PPP loans. Accuracy in reporting is also important for SBA's other programs, including the SBA's 7(a) loan program and Economic Injury Disaster Loan ("EIDL") program, to ensure that only qualifying businesses can receive aid. For example, the SBA represented that it could not process EIDL applications submitted prior to May 2022 because, among other reasons, the program ran out of funding. It was later established in August 2022, however, that the EIDL program had approximately $800 million in leftover funds. Members of the U.S. Senate Small Business Committee are now urging the SBA to release those funds and to process the remaining EIDL loan applications that have been submitted. I also directed that this request be made to determine the SBA's effort to inform the public about steps the agency was taking to address economic hardship in the year leading up to and including the start of the COVID-19 pandemic (from June 1, 2019 to March 31, 2020) and if any preventative measures were made to ease economic hardship. Mr. Sutherland, one of the targets of this request, made the decision to attempt to charge exorbitant search and review fees against ASBL. This strongly supports the inference that SBA made its decision to attempt to charge ASBL high "search and review" fees not based on a reasonable review of the law, but in order to discourage ASBL, a frequent critic of SBA, from making and pursuing FOIA requests. I believe that the SBA has a long history of opposing and losing FOIA legal battles with ASBL based on the unjustified refusal to release small business data. In one case against the SBA in this district, Judge Marilyn Patel noted, "The court finds curious the SBA's argument that it does not 'control' the very information it needs to carry out its duties and functions." *Am.*

*Small Bus. League v. U.S. Small Bus. Admin.*, No. C 08-00829 MHP, 2008 WL 3977780 at *3 (N.D. Cal. Aug. 26, 2008).  ASBL has yet to receive any records responsive to this request.

9. I directed the making of FOIA Request No. SBA-2020-001532.  This request pertains to the Regional Regulatory Fairness Boards and emails relating to Jeffrey Koenig, Jerome Toliver, and Dr. Alison K. Brown.  The three identified individuals are all members of the Regional Regulatory Fairness Boards, which is comprised of volunteer small business owners.  The purpose of these boards is to advise the National Ombudsman of matters of federal regulatory concern to small businesses.  The Ombudsman then coordinates activities of these boards that may help connect small businesses with resources available in the Office of the National Ombudsman.  *See*, *Office of the National Ombudsman*, SBA.gov, https://www.sba.gov/about-sba/oversight-advocacy/office-national-ombudsman#section-header-8 (last accessed Aug 12, 2022).  Therefore, the public relies on these boards to serve the interests of small businesses.  The purpose of seeking these records is to confirm that these board members are adequately and appropriately advising the National Ombudsman of small business concerns and to ensure that these members are actually advocating for small business concerns rather than the interests of their own respective businesses or larger businesses.  ASBL has received records in response to this request.

10. I directed the making of FOIA Request No. SBA-2020-001953, pertaining to certain members of the National Small Business Development Center ("SBDC") Advisory Board, the Women's Business Enterprise National Council ("WBENC"), and the National Women's Business Council ("NWBC").  I received information regarding these members from another FOIA request regarding advisory groups that work with the SBA.  SBDCs provide counseling and training to small businesses and work with the SBA to develop and provide informational tools to support business start-ups and expansion.  *See, Small Business Development Center (SBDC)*, SBA.gov, https://www.sba.gov/local-assistance/resource-partners/small-business-development-centers-sbdc (last accessed Aug. 12, 2022).  The WBENC is a non-profit organization dedicated to developing a national standard for certification of women-owned businesses.  *See, About WBENC (Women's Business Enterprise National*

5

DECLARATION OF LLOYD CHAPMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
CASE NO. 4:21-cv-02877-DMR

1  Council), WBENC.org, https://www.[...]
2  WBENC is also a member organization of the NWBC. The NWBC was created under Title IV
3  of the Women's Business Ownership Act of 1988 and serves as an independent source of
4  advice to the President, Congress, and the SBA. *See, About - #NWBC*, NWBC.gov,
5  https://www.nwbc.gov/about/ (last accessed Aug. 12, 2022). The public relies on these
6  advisors to properly voice the concerns of women-owned and minority-owned small businesses.
7  The purpose of seeking these records is to confirm that these advisory groups are adequately
8  informing the President, Congress, and SBA of and advocating for small business and women-
9  owned business concerns. As with the other requests, ASBL did not make this request for a
10 commercial purpose. ASBL has not received any records responsive to this request.

11       11.   I strongly believe that ASBL's victory in this case -- the court's ruling that
12 ASBL qualifies as a representative of the news media and does not have to pay high "search
13 and review" fees in the thousands of dollars – will benefit both ASBL and other non-profit
14 groups by removing cost barriers to access federal records, and will benefit the public by
15 helping ASBL and other non-profit and advocacy organizations, such as consumer, civil rights,
16 free speech or environmental organizations, to access federal records and hold the government
17 accountable. I believe that ASBL's use of the FOIA is consistent with the Congressional intent
18 underlying the passing of FOIA. As Judge Alsup stated in a prior ASBL FOIA case, "FOIA's
19 purpose is to let us see what our government has been up to by 'provid[ing] public access to
20 official information shielded unnecessarily from public view and establish[ing] a judicially
21 enforceable public right to secure such information from possibly unwilling official hands.'"
22 *Am. Small Bus. League v. U.S. Dep't of Defense*, 411 F. Supp. 3d 824, 829 (N.D. Cal. 2019)
23 (quoting *Lahr v. Nat'l. Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (internal
24 quotations omitted).

    I declare under penalty of perjury under the laws of the United States of America that the
26 foregoing is true and correct.
27    Executed this 25th day of August 2022 in  Whistler British Columbia

_[signature]_
LLOYD CHAPMAN

_[signature]_
LLOYD CHAPMAN